■ WESLEY R. KALPIN, Respondent, v DORIS G. CUNNINGHAM, Appellant.—Order unanimously affirmed, without costs. Memorandum: Defendant, an employee of the County of Monroe, appeals from the denial of her motion to dismiss plaintiff's complaint against her in her individual capacity, which alleged negligence for having dispensed a harmful prescription drug. She argues that the dismissal of an earlier action, brought by plaintiff against her solely in her capacity as a county employee, arising from the same alleged acts of negligence, on the ground that plaintiff failed to comply with the requirements of subdivision 2 of section 52 of the County Law and subdivision 50-e of the General Municipal Law (as they existed then) by

serving a notice of claim upon her, bars the instant suit. We disagree. The sole issue determined in the dismissal of the prior action was that the complaint, as one against Cunningham in the course of her employment, required dismissal as against her for failure to serve a notice of claim. On that motion to dismiss, there was no determination on the merits of the issue of whether defendant was or was not acting in the course of her employment. There was nothing in the earlier complaint that could be construed as an allegation against defendant in her individual capacity. Nor is there anything in the record indicating that the court in dismissing the earlier complaint for failure to allege compliance with subdivision 2 of section 52 of the County Law and subdivision 50-e of the General Municipal Law (as they existed then), considered it as anything other than an action against defendant in her status as an employee. Plaintiff is not bound by the previous complaint and its dismissal against Cunningham for failure to serve a notice of claim does not bar the instant action (see 9 Carmody-Wait 2d, NY Prac, §§ 63:196, 63:197, 63:201). (Appeal from order of Monroe Supreme Court—dismiss complaint.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.