COPECE CONTRACTING CORPORATION, Respondent, v COUNTY OF ERIE et al., Appellants.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: We agree with Special Term that County Law § 52 does not require a filing of a notice of claim in compliance with General Municipal Law § 50-e where the claim is for breach of contract *(see, Gahagan Dredging Corp. v County of Nassau,* 71 Misc 2d 751; *Meed v Nassau County Police Dept.,* 70 Misc 2d 274 [Bernard S. Meyer, J.]). It was proper, therefore, to deny defendants' motions with respect to plaintiff's first nine causes of action. Causes of action numbers 10 through 12, ostensibly tort causes of action for malicious breach of the contract, should have been dismissed, however. If, as defendants contend, these are causes of action in tort, then compliance with County Law § 52 was required *(see, Matter of Phaler v Hicks,* 71 AD2d 820; *Malcuria v Town of Seneca,* 66 AD2d 421, 424). If, as plaintiff asserts, the tenth, eleventh and twelfth causes of action are essentially based on the contract, then they must be dismissed as legally insufficient *(see, Charles v Onondaga Community Coll.,* 69 AD2d 144, *appeal dismissed* 48 NY2d 650; *Wegman v Dairylea Coop.,* 50 AD2d 108, *lv dismissed* 38 NY2d 918). Special Term properly held that compliance with County Law § 52 was not required for the prosecution of the claims against the individual defendants in their individual capacities *(see, Kalpin v Cunningham,* 60 AD2d 997), and the record reveals that there are factual issues warranting denial of summary judgment. (Appeal from order of Supreme Court, Erie County, Bayger, J.—dismiss cause of action, summary judgment.) Pres-

ent—Hancock, Jr., J. P., Callahan, Doerr, Pine and Schnepp, JJ.