IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60030
Summary Calendar
_____

WILLIAM H OLIVER,

Plaintiff-Appellant,

v.

NOXUBEE COUNTY TAX DEPARTMENT, In The State of Mississippi;
EMMETT MICKENS, Tax Collector; MARY SHELTON, Chancery Clerk;
NOXUBEE COUNTY BOARD OF SUPERVISORS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(4:98-CV-75-LN)
_____

November 1, 1999

Before KING, Chief Judge, and JOLLY and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant William H. Oliver, proceeding pro se, appeals the district court's grant of summary judgment in favor of Defendants-Appellees Emmett Mickens, Noxubee County, Mississippi Tax Collector; Mary Shelton, Noxubee County, Mississippi Chancery Clerk; and the Noxubee County Board of Supervisors. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff-Appellant William H. Oliver ("Oliver") owned two contiguous pieces of property in Noxubee County, Mississippi. One tract contained approximately 125 acres, the other tract approximately 12 acres. In 1984 the Noxubee County Tax Collector reappraised Oliver's property, assessing the large tract according to an agricultural use value of $125 per acre and the small tract at a significantly higher value of $600 per acre. Oliver did not object to these assessments until 1994. In 1994 Oliver asked the new county tax collector, Defendant-Appellee Emmett Mickens ("Mickens"), to correct the assessments by taxing both tracts at the agricultural rate. Between 1994 and 1997 Oliver repeated his request in two or three telephone conversations with Mickens. In 1997 Oliver requested, both by telephone and by letter, a refund for overpayment of taxes. In response, Mickens issued a $58.90 refund for the 1993 tax year and corrected the assessments for the 1994-1997 tax years, assessing the two tracts at the agricultural rate. In the interim, Oliver refused to pay the county property taxes accruing since 1994, claiming he had overpaid his property taxes. In April 1997 the property was sold to recover the unpaid taxes.

In 1998 Oliver filed suit against Defendants-Appellees[1]

---

[1]Although Oliver's original complaint names "Noxubee County Tax Department et al." as defendant in this case, subsequent pleadings name Emmett Mickens, Noxubee County, Mississippi Tax Collector; Mary Shelton, Noxubee County, Mississippi Chancery Clerk; and the Noxubee County Board of Supervisors. The district court's memorandum opinion and order granting summary judgment name Emmett Mickens, Noxubee County, Mississippi Tax Collector; Mary Shelton, Noxubee County, Mississippi Chancery Clerk; and the Noxubee County Board of Supervisors as defendants. We assume the

("Appellees") in an Ohio federal district court, claiming he had been defrauded, slandered, and forced to pay excess taxes. The court transferred this diversity case to the United States District Court for the Northern District of Mississippi. The Northern District found that proper venue lay in the Southern District of Mississippi and transferred the case to the United States District Court for the Southern District of Mississippi, Eastern Division. The Eastern Division granted Appellees' motion for summary judgment, concluding that (1) the applicable statute of limitations barred Oliver's claim for a refund of erroneously paid ad valorem taxes before 1993; and (2) Oliver's noncompliance with the notice requirement of the Mississippi Tort Claims Act barred his tort claims against the tax authorities. Oliver appeals the district court's granting of summary judgment in favor of Appellees.

## II. STANDARDS OF REVIEW

We review a grant of summary judgment de novo. *See Horton v. City of Houston*, 179 F.3d 188, 191 (5th Cir. 1999). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). All fact

district court intended its grant of summary judgment to apply to all defendants to the lawsuit.

3

questions must be viewed in the light most favorable to the non-moving party, and questions of law are reviewed de novo. *See Hassan v. Lubbock Indep. Sch. Dist.*, 55 F.3d 1075, 1079 (5th Cir. 1995).

Oliver appeals pro se. We hold pro se briefs to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Although we construe briefs of pro se litigants liberally, pro se parties must brief the issues and arguments. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988). This Court has considered pro se appellant briefs despite technical noncompliance with the rules when the brief "at least argued *some* error on the part of the district court." *Grant*, 59 F.3d at 524-25; *see*, *e.g.*, *Price*, 846 F.2d at 1028 (addressing issue even though the "only reference appellant makes to the district court's dismissal of his lawsuit as time barred is to assert that 'this action is not time barred'"); *Abdul-Alim Amin v. Universal Life Ins. Co.*, 706 F.2d 638, 640 n.1 (5th Cir. 1983) (considering appellant's brief because "liberally construed, [it] contains an assertion of trial court error"). *But see Grant*, 59 F.3d at 525 (dismissing appellant's appeal because "[a]side from the implication raised by its existence, [appellant's] brief does not argue that the district court erred in any way").

The only issues we can distill from Oliver's brief are whether the district court denied Oliver due process of law and

4

whether it erred in granting summary judgment in favor of Appellees. Therefore, we will first review Oliver's due process claim, and then, finding no due process violation, review the district court's order granting summary judgment to Appellees.

## III. DUE PROCESS

Oliver argues that by granting summary judgment in favor of Appellees, the district court did not give the "plaintiff a chance to present his case in a court of law" and "enter[ed] an[] order in a case without giving the Olivers Due Process of the Law." "A summary judgment reached in accordance with Federal Rule of Civil Procedure 56, however, satisfies the requirements of due process." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1044 (5th Cir. 1987) (*citing Celotex*, 477 U.S. at 327). Summary judgment is not a "disfavored procedural shortcut," but part of a scheme designed to "secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327. A litigant is not deprived of due process when a court grants summary judgment because the litigant has failed to demonstrate a genuine issue of material fact. *See Vaughn v. United States*, 589 F. Supp. 1528, 1533 (W.D. La. 1984) (*citing Knighten v. Commissioner of Internal Revenue*, 702 F.2d 59, 61 (5th Cir. 1983)). The district court's use of the summary judgment procedure did not constitute a denial of due process.

## IV. SUMMARY JUDGMENT

### A. Tax Refund Claim

The district court correctly concluded that Mississippi's

5

general statute of limitations applies to a taxpayer's claim for a refund of erroneously paid ad valorem taxes. *See* MISS. CODE ANN. §§ 27-73-1 to -13, 15-1-49(1) (1972). This statute provides a three-year limitations period for claims accruing on or after July 1, 1989, and six years for those accruing prior to July 1, 1989. *Id.* § 15-1-49(1); Miss. A.G. Op. 90-0681 (Gibson, 1990). We agree that the applicable statute of limitations has expired on Oliver's claim for overpaid ad valorem taxes from 1984 through 1992 because he fails to offer any evidence suggesting that he requested a refund before 1997.

Oliver does not dispute that the adjustments made for 1994 through 1997 represent the entire amount he was erroneously assessed during those years. Nor does he dispute receiving a full refund of overpaid taxes for the 1993 tax year. Because the applicable statute of limitations bars Oliver's claim for a refund for taxes from 1984 through 1992, and Oliver does not dispute the satisfaction of his claim from 1993 through 1997, summary judgment was properly granted as to Oliver's claim for a refund of overpaid ad valorem taxes from 1984 through 1997.

### B. Tort Claims

The district court also concluded that Oliver's failure to comply with the notice requirement of the Mississippi Tort Claims Act ("MTCA") precluded his tort claims. *See* MISS CODE ANN. §§ 11-46-1 to -23. Although we agree with the district court's grant of summary judgment as to Oliver's tort claims, we disagree with the district court's reliance on Oliver's noncompliance with the

MTCA's notice requirement.  In this case, compliance—or noncompliance—with the notice provision of the MTCA is irrelevant.  We rely instead on the scope of immunity provided to government entities and employees as delineated in the MTCA.[2]

## 1.  Sovereign Immunity

Under the doctrine of sovereign immunity, "the state is free from any liabilities unless it carves an exception." *Grimes v. Pearl River Valley Water Supply Dist.*, 930 F.2d 441, 443 (5th Cir. 1991).  When it enacted the MTCA, the Mississippi legislature elected to waive sovereign immunity.  *See Barnes v. Singing River Hosp. Sys.*, 733 So.2d 199, 203 (Miss. 1999) (*quoting Vortice v. Fordice*, 711 So.2d 894, 896 (Miss. 1998)).  The legislature qualified this waiver, however, by including substantive limitations and by specifying certain procedural requirements with which a litigant must comply before filing an action against the state or a state employee.[3]  *See Barnes*, 733 So.2d at 203.

---

[2]In disposing of the claims against the governmental entities, we also dispose of the claims against Mickens and Shelton acting in their official capacities.  *See Womble v. Singing River Hosp.*, 618 So.2d 1252, 1261 (Miss. 1993) ("[S]uing public officials in their official capacities is tantamount to suing the State or its affiliated entities themselves, and any immunities protecting such State entities will likewise shield the public officials affiliated with them when they are sued in their officials capacities."); MISS. CODE ANN. § 11-46-7(2) (Supp. 1999) ("An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable . . . .").

[3]The notice provision of the MTCA is one of those procedural requirements.  *See* MISS. CODE ANN. § 11-46-11 (Supp. 1999).

7

The legislature limited the substantive scope of its waiver of sovereign immunity by waiving only the "immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees *while acting within the course and scope of their employment* . . . ." MISS. CODE ANN. § 11-46-5(1) (Supp. 1999) (emphasis added). Thus the MTCA waives the sovereign immunity of a governmental entity only for acts done by the entity's employees *within* the course and scope of employment. The waiver does not apply to torts committed by an employee acting *outside* the course and scope of employment. The MTCA specifies acts of a government employee that "shall *not* be considered as acting within the course and scope of his employment"; these acts include "fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." *Id.* at § 11-46-5(2) (emphasis added). The MTCA does not call for the waiver of a governmental entity's sovereign immunity when the entity's employees engage in such conduct. *See id.* (stating that "a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted [one or more of the enumerated torts]").

The acts Oliver alleges—fraud and slander—are outside the course and scope of employment. MISS. CODE ANN. §§ 11-46-5(2); 11-46-7(2) (Supp. 1999). Consequently, the sovereign immunity of the taxing authorities involved has not been waived under the

8

MTCA.  Therefore, sovereign immunity bars Oliver's tort claims against the Noxubee County Tax Department, the Noxubee County Board of Supervisors, Mickens, in his official capacity, and Shelton, in her official capacity.

## 2.  Limited Individual Immunity

The MTCA also grants limited immunity to government employees for torts committed while acting within the scope and course of employment.  *See id.* § 11-46-7(2).  Specifically, the statute provides that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties."  *Id.*  Thus, the MTCA provides governmental employees with a "protective environment" of immunity to escape liability for actions falling within the course and scope of employment.[4]  *Moore v. Carroll County*, 960 F. Supp. 1084, 1091 (N.D. Miss. 1997).  However, if a government employee's conduct falls *outside* the scope of employment, the employee may be held personally liable for that conduct, and the MTCA's procedural requirements do not apply.  *See id.; Depoyster*, 708 So.2d at 80-81 (*quoting Bienz v. Bloom*, 674 N.E.2d 998, 1004 (Ind. Ct. App. 1996)) (stating that "notice is required only if the act or omission causing the plaintiff's loss is within the scope of the defendant's employment").

---

[4]A claim involving a tort committed by a government employee while acting within the scope of employment triggers the procedural requirements—including the notice requirement—of the MTCA in a suit against the government entity.  *See McGehee v. Depoyster*, 708 So.2d 77, 79 (Miss. 1998); MISS CODE ANN. § 11-46-11(1) (Supp. 1999).

Under the limited immunity provisions of the MTCA, just as with the sovereign immunity provisions, "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted *fraud*, malice, libel, *slander*, defamation, or any criminal offense." MISS. CODE ANN. § 11-46-7(2) (Supp. 1999) (emphasis added). Because the MTCA's grant of limited immunity to government employees does not apply to acts outside the course and scope of employment, such as those alleged here, the MTCA does not protect Mickens and Shelton as individuals. Therefore, noncompliance with the MTCA notice requirement does not bar these claims.[5]

### 3. No Genuine Issue of Material Fact

Although the MTCA does not shield Mickens and Shelton from liability for Oliver's tort claims, summary judgment was nonetheless appropriately granted in favor of these two individuals. Viewing all inferences drawn from the underlying facts in the light most favorable to Oliver, Oliver still fails to offer any evidence in response to Appellees' motion for summary judgment that suggests the existence of a genuine issue of material fact. Once a movant who does not have the burden of

---

[5]Appellees' reliance on section 11-46-9(1)(i) of the Mississippi Code concedes to the same attack. That section states that "[a] governmental entity and its employees acting *within the course and scope of their employment or duties* shall not be liable for any claim . . . [a]rising out of the assessment or collection of any tax or fee." MISS CODE ANN. § 11-46-9(1)(i) (Supp. 1999) (emphasis added).

10

proof at trial makes a properly supported motion, the burden shifts to the nonmovant to show that a summary judgment motion should not be granted. *See Celotex*, 477 U.S. at 321-25. A party opposing a summary judgment motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57 (1986)). Oliver's response to Appellees' motion for summary judgment fails to supply evidence of specific facts that would create a genuine issue of material fact.

Instead, Oliver claims that he requested relevant discovery that Appellees refused to supply. He also appears to claim that such discovery would have provided him with enough evidence to raise a genuine issue of material fact and thus survive a summary judgment motion. Federal Rule of Civil Procedure 56(f) provides limited protection to a litigant who "present[s] specific facts explaining his inability to make a substantive response as required by Rule 56(e) and . . . specifically demonstrat[es] 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (*quoting Securities and Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). However, "[v]ague assertions that discovery

11

will produce needed, but unspecified, facts" do not protect a nonmovant from summary judgment. *Allstate Ins. Co.*, 901 F.2d at 1285. Oliver's response to Appellees' motion for summary judgment contains only broad assertions that discovery will provide needed facts. Such assertions do not satisfy the requirements of Rule 56. *See* FED. R. CIV. P. 56(e). Therefore, although the MTCA does not bar Oliver's claims against Mickens and Shelton individually, these claims do not survive summary judgment because Oliver failed to produce any evidence that raises a genuine issue of material fact with regard to those claims.

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

12