# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2013

No. 12-60735

Lyle W. Cayce
Clerk

TRACEY L. JOHNSON; DAVID JAMES, JR.,

Plaintiffs - Appellants

v.

CITY OF SHELBY, MISSISSIPPI; HAROLD BILLINGS,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-cv-00036

Before HIGGINBOTHAM, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

The district court granted the defendants' motion for summary judgment and denied the plaintiffs' subsequent motion to alter or amend the judgment. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60735

**FACTS AND PROCEEDINGS**

Tracey L. Johnson and David James, Jr. were police officers for the City of Shelby County, Mississippi (the "City") in 2009.  In September of that year, the City's board of aldermen, which has sole authority over the City's employment decisions, terminated Johnson and James, allegedly for violation of City residents' rights and police procedure.  James requested and obtained a grievance hearing from the City, after which the board upheld their terminations.[1]

Johnson and James filed suit in district court, claiming that they were fired, not because of their alleged misconduct, but because they refused to turn a blind eye to the criminal activities of one of the aldermen, Harold Billings. They alleged that the City's conduct violated their Fourteenth Amendment due process rights and that Billings maliciously interfered with their employment in violation of state law.

Following discovery, the City and Billings filed a motion for summary judgment.  In it, the City argued that it was entitled to judgment in its favor because Johnson and James did not invoke 42 U.S.C. § 1983 in their complaint, but instead sought to maintain their action against the City directly under the Fourteenth Amendment.  Billings contended that the malicious interference claim was barred by Johnson's and Jones's failure to comply with the notice provision of the Mississippi Tort Claims Act ("MTCA").  The district court granted the motion and entered final judgment on all claims.  Johnson and James moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), requesting leave to amend their complaint to invoke § 1983. The district court denied their motion, and they appeal this denial and the underlying grant of summary judgment for the City and Billings.

---

[1] It is unclear from the record whether Johnson's termination was at issue in the hearing James requested.

No. 12-60735

## STANDARD OF REVIEW

We "review a district court's grant of summary judgment de novo, applying the same standard as did the district court." *Stults v. Conoco, Inc.*, 76 F.3d 651, 654 (5th Cir. 1996). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Kinney v. Weaver*, 367 F.3d 337, 348 (5th Cir. 2004). "We view facts in the light most favorable to the non-movant and draw all reasonable inferences in its favor." *Jackson v. Widnall*, 99 F.3d 710, 713 (5th Cir. 1996). But we "may affirm summary judgment on any legal ground raised below, even if it was not the basis for the district court's decision." *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003).

"Appellate review of the decision to grant or deny leave is generally described as limited to determining whether the trial court abused its discretion." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) (quotation marks and citation omitted).[2]

"We review de novo the district court's determination of state law." *Great Am. Ins. Co. v. AFS/IBEX Fin. Servs., Inc.*, 612 F.3d 800, 804 (5th Cir. 2010).

## DISCUSSION

*1.    Fourteenth Amendment due process claim*

Johnson and James contend that the district court erred when it determined that the City was entitled to summary judgment on their due process claims because they failed to invoke § 1983 in their complaint. We disagree.

---

[2] Although we have "held that the Rule 15 standards apply when a party seeks to amend a judgment that has been entered based on the pleadings" we have expressed doubt as to "whether these liberal standards would apply to amendment of a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). We need not resolve this issue, here, however, as even reviewing the district court's decision for abuse of discretion, we conclude that the district court did not err.

No. 12-60735

We have consistently upheld such dismissals, explaining that "the proper vehicle for these allegations is § 1983." *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994). A "complaint is fatally defective in that it fails to state a claim upon which relief may be granted" when it does not invoke § 1983 for claims of constitutional violations under color of state law. *Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382-83 (5th Cir. 1980) (dismissing such a complaint and further noting that "[i]t adds nothing to appellant's case to assume that a suit under § 1983 would be subject to defenses unique to the agency and its officials, for such defenses would also be available in the hypothetical implied Fourteenth Amendment cause of action").

We have explained that this requirement that "claims against state actors to be pursued through § 1983 is not a mere pleading formality." *Felton v. Polles*, 315 F.3d 470, 482 (5th Cir. 2002), *abrogated in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Certain consequences flow from claims under § 1983, such as the unavailability of *respondeat superior* liability, which bears on the qualified immunity analysis. *See id.*

In granting the City's motion for summary judgment on Johnson's and James's due process claim for failing to invoke § 1983, the district court followed this precedent. It did not err.

Johnson and James next contend that, even if they were required to invoke § 1983, the district court should have granted their Rule 59(e) motion seeking leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15 to allow them the opportunity to do so.

In *Freeman v. Cont'l Gin Co.*, this court held that there was no abuse of discretion in refusing to allow an amendment to the pleadings after summary judgment was granted. 381 F.2d 459, 470 (5th Cir. 1967). It reasoned that:

No. 12-60735

> A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation.

*Id.* at 469 (quotation marks and citation omitted); *see also Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982) (holding that the district court did not abuse its discretion in denying a defendant's leave to amend his answer after summary judgment was entered).  The *Freeman* court also noted that the plaintiff in that case did not seek an amendment prior to the district court's grant of summary judgment, but waited until its claim was rejected by the trial court.  *See* 381 F.2d at 469; *see also Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324-25 (5th Cir. 1994) ("Bright failed to plead a defense pursuant to § 9.504(c) in his answer to Ford Credit's complaint. He also failed to seek leave to amend his answer to include the defense before the district court entered summary judgment against him. . . . In this case, we find that the district court did not abuse its discretion in denying Bright's Rule 59(e) motion."); *cf. Tex. Indigenous Council v. Simpkins*, No. 12-50244, 2013 U.S. App. LEXIS 10256, at *5–8 (5th Cir. May 21, 2013) (per curiam) (unpublished) (holding that the district court should have allowed plaintiff to amend the complaint to invoke § 1983 when plaintiff sought leave after the amendment deadline but before summary judgment was entered).

The court's rationale in *Freeman* applies here.  The district court – as well as the City – need not be subjected to successive theories of the plaintiffs' case. Johnson and James did not seek to amend their complaint even after the City filed its summary judgment motion.  They waited until they lost on one theory and then sought to upset the finality of the district court's judgment by introducing a new theory.  The district court did not abuse its discretion by rebuffing this attempt.

2.    *Malicious interference with contract claim*

Finally, Johnson and James appeal the district court's grant of summary judgment for the City and Billings on their malicious interference with contract claim. They argue that the district court's conclusion that this claim was barred because they did not comply with the MTCA's notice provisions was error.

The MTCA waives the sovereign immunity "of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment," Miss. Code. Ann. § 11-46-5(1), subject to the plaintiff "fil[ing] a notice of claim with the chief executive officer of the governmental entity" at least ninety days before instituting the suit, § 11-46-11(1). This "notice requirement applies to suit brought against an employee, acting in his official capacity." *McGehee v. DePoyster*, 708 So. 2d 77, 79 (Miss. 1998). Moreover, "an action against a government employee in his individual capacity may be subject to notice of claim requirements if the act complained of occurred within the scope and course of his employment." *Id.* at 80. The MTCA, however, does not "requir[e] notice to . . . government authorities of suit brought against [them] individually for acts outside of the scope of [their] employment." *Id.* at 81.

Johnson and James argue in their opening brief that the MTCA—and its notice requirement—does not apply to a suit against a government official for malicious interference because an official who acts maliciously does not act within the scope of his employment. They rely on *Zumwalt v. Jones County Board of Supervisors*, which held the MTCA inapplicable to such claims: "Tortious interference with business relations and contracts requires proof of malice as an essential element. Therefore, the MTCA does not apply to these torts. . . ." 19 So. 3d 672, 688 (Miss. 2009) (internal citation omitted). In response, the City and Billings point to a more recent precedent from the

No. 12-60735

Supreme Court of Mississippi holding that "the MTCA covers . . . tortious breaches of contract."[3] *Whiting v. Univ. of S. Miss.*, 62 So. 3d 907, 916 (Miss. 2011). As appellees concede, these cases "clearly contradict one another on the question of whether a plaintiff alleging malicious interference by a public employee must satisfy the notice requirements of § 11-46-11 of the MTCA." Because we apply "the latest and most authoritative expression of state law applicable to the facts of a case," *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 239 (5th Cir. 1997), we follow *Whiting* here.[4]

Johnson and James attempt to avoid *Whiting*'s holding by distinguishing the case on the ground that it involved claims against a state university, while they are suing Billings individually. But their entire argument turns on their contention that malicious interference claims cannot be brought against a state or its subdivisions for the acts of their employees, because the employee will never be acting within the scope of his employment if he acts with malice. *Whiting*, however, allowed a claim for malicious interference to be brought against state entities, which required the state supreme court to conclude that

---

[3] In Mississippi, tortious interference with contract and malicious interference with contract are the same cause of action. *See Cenac v. Murry*, 609 So. 2d 1257, 1268-69 (Miss. 1992).

[4] Although this is the first time this court has remarked on the conflict between these cases, we note that federal courts have not consistently relied on *Whiting*. At least four district courts in the circuit have relied on *Zumwalt* for the position that the MTCA does not apply to tortious interference claims. *See Bonney v. Leflore Cnty.*, 4:11-CV-107-SA-JMV, 2013 WL 1293812, at *6 (N.D. Miss. Mar. 26, 2013); *Bolton v. Forrest Cnty.*, 2:11-CV-220-KS-MTP, 2012 WL 6600147, at *12 (S.D. Miss. Dec. 18, 2012); *Pike Cnty. ex rel. Bd. of Supervisors v. Indeck Magnolia, LLC*, 3:11-CV-57-TSL-MTP, 2011 WL 3439935, at *3–4 (S.D. Miss. Aug. 5, 2011); *Kermode v. Univ. of Miss. Med. Ctr.*, 3:09-CV-584-DPJ-FKB, 2011 WL 4351340, at *9 n.76 (S.D. Miss. Sept. 15, 2011), *aff'd on other grounds*, 496 F. App'x 483 (5th Cir. 2012). But two other Mississippi district courts have come to the opposite conclusion, relying on *Whiting*. *See Salcido v. Univ. of S. Miss.*, 2:11-CV-173KS-MTP, 2012 WL 663016, at *9 (S.D. Miss. Feb. 28, 2012) ("Salcido's alleged contract claims are in reality for tortious breach of contract and tortious interference with contract which are governed by the Miss. Torts Claim Act."); *Gray v. City of Gautier*, 1:10-CV-00506-HSO, 2012 WL 3913053, at *8 (S.D. Miss. Sept. 7, 2012).

the employees in that case *did* act within the scope of their employment. Thus, Johnson's and James's contention that if Billings maliciously interfered with their employment, he acted outside the scope of his employment is incorrect under Mississippi precedent. They provided the district court no other reason why Billings's actions were outside the scope of his employment. The district court, therefore, properly determined that the MTCA applied and that Johnson's and James's claims were barred because they did not comply with its notice requirements.

## CONCLUSION

We AFFIRM the district court's grant of summary judgment for the defendants and denial of plaintiffs' motion to alter or amend the judgment.