Ricky HALL

v.

**CITY OF ALEXANDRIA, et al.**

No. Civ.A. 00–0397.

United States District Court,
W.D. Louisiana,
Alexandria Division.

June 2, 2000.

Edward Larvadain, Jr., Alexandria, LA, for Ricky Hall, plaintiff.

H. Bradford Calvit, Provosty Sadler & deLaunay, Alexandria, LA, for City of Alexandria, defendant.

### RULING

LITTLE, Chief Judge.

Before this court is plaintiff Ricky Hall's ("Hall") motion to remand this action to the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana. For the following reasons, plaintiff's motion to remand is DENIED.

### I. Background

On 8 February 2000, Hall filed a complaint against defendants City of Alexandria ("Alexandria"), Alexandria Police Officer Michael Fuller ("Fuller"), and Alexandria Police Officer Donald Sellers ("Sellers"), in the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana. Hall alleges in the complaint that he was battered wrongfully and arrested falsely by the officers of the Alexandria Police Department and that Fuller's and Sellers' actions "were tortious, criminal, fraudulent, malicious, intentional, willful, outrageous, reckless and flagrant." (Compl. ¶ 21.) Alexandria was served with process on 14 February 2000, and Fuller was served on 22 February 2000. Sellers was never served.

On 29 February 2000, defendants Alexandria and Fuller removed the case to this court pursuant to 28 U.S.C. §§ 1331 and 1441. The removing defendants claim that this court has original jurisdiction over this matter because Hall's action is based upon a claim or right arising under the Constitution, treaties or laws of the United States, and because the allegations in Hall's complaint establish either that federal law creates the cause of action or that Hall's right to relief necessarily depends upon resolution of a substantial question of federal law. Moreover, Alexandria and Fuller claim that this court has jurisdiction

over all of Hall's state law claims pursuant to 28 U.S.C. § 1367.

Hall filed on 27 March 2000 the motion to remand now before this court, contending that all allegations in his complaint are based solely upon causes of action arising from state law, that the case does not involve a federal question, and that this court therefore lacks subject matter jurisdiction over this action. The removing defendants subsequently filed memoranda in opposition to the motion to remand.

### II. Analysis

The general rules of removal from state court to the United States district court are set forth in 28 U.S.C. § 1441(a): "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The district court has general authority to remand a case under any of the following circumstances: (1) when acting on a timely motion to remand based on a defect in removal procedure; (2) when it has no subject matter jurisdiction; and (3) according to its discretion, when pendent state law claims were removed along with one or more federal question claims. *See* 28 U.S.C. § 1447; *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir.1993).

In this case, Hall contends that remand is necessary because this court lacks subject matter jurisdiction. The removing defendants maintain that subject matter jurisdiction is satisfied because Hall's claims arise under the laws of the United States. *See* 28 U.S.C. § 1331. A party removing an action to federal court has the burden of establishing federal subject matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998). An action arises under the laws of the United

States if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983).

 Generally, the court will look to the face of a complaint to determine the existence of federal question jurisdiction. A plaintiff is the master of his complaint and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). A plaintiff, however, may not defeat removal by artfully crafting his complaint to omit pleading necessary federal questions. *See Franchise Tax Bd.,* 463 U.S. at 22, 103 S.Ct. at 2853. If the court concludes that the plaintiff's failure to plead his federal claims was not in good faith but rather was an attempt to conceal the fact that his claims are truly federal, the court will allow removal. *See Aaron v. National Union Fire Ins. Co.,* 876 F.2d 1157, 1161 (5th Cir.1989). Thus, the court may find that a plaintiff's claims arise under federal law even though the plaintiff has not characterized them as federal claims. *See Aquafaith Shipping, Ltd. v. Jarillas,* 963 F.2d 806, 808 (5th Cir.1992).

 The removing defendants argue that Hall states a federal cause of action because: (1) the allegations in the complaint amount to § 1983 claims that Hall was subjected to excessive use of force and that he was arrested falsely, both of which constitute violations of the Fourth Amendment, and (2) Hall seeks punitive damages and attorney fees from the defendants, which items of recovery are not allowed under Louisiana law but are allowed under 42 U.S.C. §§ 1983 and 1988. Hall, on the other hand, contends that a § 1983 claim was neither mentioned in nor raised by his complaint and that any prayer for punitive damages and attorney fees in the complaint was "perfunctory and inadvertent." (Mot. Remand ¶ 5.)

Section 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that: (1) the conduct complained of was committed by a person acting under color of state law, and (2) such conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986). In the complaint, Hall alleges that at all material times, Fuller and Sellers "were acting in the course and scope of their employment as police officers for the City of Alexandria." (Compl.¶ 22.) Accordingly, the first element in the *Parratt* test is satisfied.

Although Hall does not allege in explicit terms a deprivation of rights under the Constitution or federal law, a fair reading of his complaint demonstrates that such is the true basis of his causes of action. In essence, Hall claims that on 30 January 2000, Fuller and Sellers, two Alexandria police officers acting under color of state law, used excessive force against him and falsely arrested him. Both such acts are violations of the Fourth Amendment and § 1983. Hall claims that he was injured as a result of the officers' wrongful conduct, and he seeks various kinds of damages, including punitive damages and attorney

fees. Importantly, Louisiana law does not provide recovery for punitive damages or attorney fees under the facts as alleged in this case; the only sources of recovery for such are 42 U.S.C. §§ 1983 and 1988, respectively. Hall admits that state law does not allow punitive damages and attorney fees under the circumstances herein. Instead of acknowledging that he has invoked recovery under federal statutes, however, he declares that his prayer for such items of recovery was made perfunctorily and inadvertently.

This court sees through Hall's artfully crafted complaint which omits the pleading of necessary federal claims. We conclude that Hall's failure to plead his federal claims was purposeful and was an attempt to conceal the fact that his claims are truly federal in nature. His prayer for punitive damages and attorney fees is telling and lends strong support to our conclusion. Hall's argument that such prayer was made perfunctorily and inadvertently is unconvincing. Even if Hall amends his complaint to dismiss any and all federal claims, this court has discretion to deny remand. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 356–57, 108 S.Ct. 614, 622–23, 98 L.Ed.2d 720 (1988). Thus, any attempt by Hall to withdraw his request for items of recovery under the federal statutes will be unavailing for purposes of remand. This court finds that defendants' removal in this case was proper. *See Aaron v. National Union Fire Ins. Co.,* 876 F.2d 1157, 1161 (5th Cir.1989).

### III. Conclusion

The removing defendants are correct that this court has original jurisdiction over the present case pursuant to 28 U.S.C. §§ 1331 and 1441, since Hall's action is based upon a claim or right arising under the Constitution or laws of the United States. The allegations in Hall's complaint establish either that federal law creates the cause of action or that Hall's right to relief necessarily depends upon resolution of a substantial question of federal law. Moreover, this court has jurisdiction over Hall's pendent state law claims pursuant to 28 U.S.C. § 1367.