Marc PERKINS, Individually and as Next Friend of Jamie P. and Lauren Phillips, Individually and as Next Friend of Allison P., Plaintiffs,

v.

ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT and Dr. Jerry Christian, Superintendent, Defendants.

No. CIV.A.SA–02–CA–313FB.

United States District Court,
W.D. Texas,
San Antonio Division.

April 9, 2002.

Herman H. Segovia, Law offices of Herman H. Segovia, San Antonio, TX, for plaintiffs.

Robert A. Schulman, Feldman & Roger, L.L.P., San Antonio, TX, for defendants.

### ORDER CONCERNING JURISDICTION AND PRELIMINARY INJUNCTION

BIERY, District Judge.

This dispute is about, among other things, personal responsibility and who is in charge: high school students or adults. For the reasons stated below, and so long as the adults do not violate federal or state law, they are responsible for exercising reasonable disciplinary measures.

## Procedural History

Before the Court is the Motion to Remand (docket # 5) filed April 2, 2002. If the Court finds it has jurisdiction over this case, it must also decide whether plaintiff is entitled to a preliminary injunction. Four hours of testimony and argument were presented concerning both of these issues on April 4, 2002.

Plaintiffs[1] filed suit in the 408th Judicial District Court in Bexar County on March 7, 2002. Following a brief hearing on plaintiffs' request for a temporary restraining order that same day, the state court issued a temporary restraining order against defendants in part as follows:

ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT, Defendant in this cause and its administrators, employees, teachers, principals, agents and servants be, and hereby are, commanded forthwith to [sic]:

(1) from disciplining students for conduct that is not covered in the Student Handbook; and

(2) to allow students, JAMIE P. AND ALLISON P. to attend regular classes and extracurricular activities and be provided with reasonable opportunities to make up any school work missed and reinstating all honors due said students from the date of entry of this order until and to the fourteenth (14) day after entry or until further order of this court.

The order also set a temporary injunction hearing for March 14, 2002 at 9 a.m., which apparently was later changed to March 27, 2002. On March 26, 2002, defendants filed their Notice of Removal in this Court.

## Notice of Removal

In their Notice of Removal, defendants contend this Court has jurisdiction because of a claim arising under federal law. In support, defendants refer to some of the language contained in Plaintiffs' Original Petition and argument by plaintiffs' counsel at the March 7, 2002 temporary restraining order hearing. Defendants maintain plaintiffs are asserting claims under Title IX, codified at 20 U.S.C. § 1681, which prohibits discrimination under any education program on the basis of sex, as well as equal protection of the United States Constitution assertable under § 1983. As such, defendants contend "these claims could have been brought originally in federal court and are thus removable under 28 U.S.C. § 1441 and 28 U.S.C. § 1337." Defendants state "[t]he fact that Plaintiffs, by artful pleading, make no express reference to federal law is not a bar to removal," and the state constitutional claims alleged by the plaintiffs fall under this Court's supplemental jurisdiction because these claims are derived from the same nucleus of operative facts as the federal claims.

## Plaintiffs' Original Petition

Plaintiffs allege the Student Parent Handbook adopted for Alamo Heights for the 2001–2002 school year provides that "serious misbehavior" includes hazing. The handbook provides "[t]hese offenses are prohibited at school or **school-related activities** and may be punishable by suspension, detention, in-school suspension, Saturday school, assignment of duties other than class tasks, withdrawal of extracurricular or honorary privileges, or any other discipline management techniques."

---

1. Although the suit was filed by two plaintiffs, the Court has been advised that Marc Perkins is now the sole plaintiff. Because the initial pleadings were filed with reference to "plaintiffs," any reference in this order to "plaintiffs" only refers to Mr. Perkins. The other thirteen students and their parents did not file suit at all.

(Emphasis added). The handbook also provides a student may be expelled while on school property or while attending a school sponsored or **school-related activity on or off school property** if he or she: sells, gives, or delivers to another person or possesses, uses, or is under the influence of any amount of marijuana or a controlled substance, a dangerous drug, or an alcoholic beverage. (Emphasis added).

On or about March 4, 2002, students Jamie P. and Allison P. were advised they were being removed from the Alamo Heights varsity cheerleading squad for attending a party on March 2, 2002, where hazing and alcohol consumption allegedly occurred. Plaintiffs maintain it is undisputed the gathering was not a school sponsored activity and did not occur on school property, but rather in a private home. The evidence confirms this allegation and that the liquor was supplied to the minors by the homeowner/parent. Plaintiffs also allege it is undisputed Allison P. did not ingest any alcoholic beverage. No hearing was granted to the students or parents before the action was taken. The students were told they would be ineligible to try out for any future spirit positions. The male student athletes who were in attendance at this gathering have not been permanently removed from their extracurricular programs. Plaintiffs also allege there is disparate treatment within the cheerleading class.

Plaintiffs claim as a direct result of defendants' action, the student plaintiffs have been refused regular attendance in their cheerleading activities and have been banned from participating in cheerleader tryouts scheduled for March 7, 2002. They have allegedly suffered irreparable injury because they have been stripped of student honors and participation in their extracurricular activities. The student plaintiffs are in the top echelon of their junior class, will be considered for scholar-ships, and the disciplinary action taken by the school district will have a negative and irreparable adverse effect on the students. Moreover, the good name of the students, in which they have a liberty interest, has been negatively affected by defendants' conduct. No name-clearing hearing was afforded these plaintiffs, and the plaintiffs did not have a "fair fight" in which to clear their names.

Plaintiffs continue by asserting defendants' actions are "also violative of Article 7, Section 1 of the Texas Constitution in that Defendants' actions do not make for an 'efficient' educational system." Defendants' actions also are said to violate the Texas Equal Rights Amendment, and the due process of law provision of the Texas Constitution.

### Motion to Remand

In his motion to remand, plaintiff Perkins maintains "Plaintiffs made a conscious decision not to sue the school district under Title IX, codified at 20 U.S.C. § 1681, which is the Federal statute prohibiting discrimination under any educational program on the basis of sex. Plaintiffs make no claim under Title IX or any other federal law in their Petition, nor are these statutes even mentioned in plaintiff's petition." Relying on the well-pleaded complaint rule, plaintiff Perkins maintains he is the master of his complaint and may decide which law he will rely upon and may choose to forego his federal remedies and rely solely on state law. Plaintiff Perkins argues he has elected to proceed in state court under state law and has done everything he could to attain that result. Because plaintiff is suing only under the Texas Equal Rights Amendment and the Texas Constitution, plaintiff says this Court does not have jurisdiction and the case must be remanded.

In response to the motion, defendants again assert plaintiff's claim of discrimina-

tory disciplinary treatment between girls in the cheerleading program and boys in the athletic program is a Title IX cause of action. In addition, defendants point to plaintiffs' petition in which they seek damages in paragraph 6 of their prayer for relief as evidence they are truly asserting federal claims because damages are not recoverable for violations of the Texas Constitution.

### Standard of Review

The federal courts are courts of limited jurisdiction as defined by the Constitution and by statute. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. 1981). "Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect." *Id.* The Fifth Circuit has consistently held that "[b]ecause the establishment of a basis for the exercise of subject matter jurisdiction is the sine qua non of federal litigation...it is the party who urges jurisdiction upon the court who must always bear the burden of demonstrating that the case is one which is properly before the federal tribunal." *Id.* at 549. The removal statute is to be strictly construed, and any doubts concerning removal must be resolved against removal and in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Blackmore v. Rock–Tenn Co. Mill Div., Inc.*, 756 F.Supp. 288, 289 (N.D.Tex.1991). The federal trial court must be certain of its jurisdiction before it embarks "upon a safari in search of a judgment on the merits." *B., Inc.*, 663 F.2d at 549.

Removal in this case is based upon 28 U.S.C. § 1441 as a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." Because no diversity jurisdiction has been alleged, the issue before the Court is whether this action arises under the Constitution, laws or treaties of the United States pursuant to 28 U.S.C. § 1331. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988).

Whether the claim "arises under" federal law for removal purposes is determined by the well-pleaded complaint rule which also determines original federal question jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Federal courts have jurisdiction to hear, "originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Courts require the complaint to contain a federal claim, i.e. either an express or implied right of action under federal law. David Hittner, William A. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 2:96 (5th Cir. ed.2001). The fact a state law cause of action may require reference to federal law is not enough. *Id.*

Under the well-pleaded complaint rule, the plaintiff is "master of the claim" for purposes of removal jurisdiction. "The party who brings the suit is master to decide what law he will rely upon." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In instances where a plaintiff can maintain claims under both federal and state law, a plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Willy*, 855 F.2d at 1167.

However, a plaintiff cannot defeat removal of a federal claim by disguising or "artfully pleading" a federal cause of action as a state claim.

■ The Court finds the federal jurisdictional pleading facts in *Hall v. City of Alexandria*, 111 F.Supp.2d 785 (W.D.La. 2000), very similar to those in this case. The removing defendants in *Hall* argued a federal cause of action was stated because:

(1) the allegations in the complaint amount to § 1983 claims that Hall was subjected to excessive use of force and that he was arrested falsely, both of which constitute violations of the Fourth Amendment, and (2) Hall seeks punitive damages and attorney fees from the defendants, which items of recovery are not allowed under Louisiana law but are allowed under 42 U.S.C. §§ 1983 and 1988. Hall, on the other hand, contends that a § 1983 claim was neither mentioned in nor raised by his complaint and that any prayer for punitive damages and attorney fees in the complaint was "perfunctory and inadvertent."

*Hall*, 111 F.Supp.2d at 787. The court found that even though Mr. Hall had not alleged in "explicit terms a deprivation of rights under the Constitution or federal law, a fair reading of his complaint demonstrates that such is the true basis of his causes of action." *Id.* In addition, the court found it important for purposes of its decision that punitive damages and attorney fees were not recoverable under Louisiana law and the only sources for such a recovery were under federal law. *Id.* at 788. In response to Hall's argument that his prayer for such items of recovery was perfunctory and inadvertent, the court stated:

This court sees through Hall's artfully crafted complaint which omits the pleading of necessary federal claims. We conclude that Hall's failure to plead his federal claims was purposeful and was an attempt to conceal the fact that his claims are truly federal in nature. His prayer for punitive damages and attorney fees is telling and lends strong support to our conclusion. Hall's argument that such prayer was made perfunctorily and inadvertently is unconvincing. Even if Hall amends his complaint to dismiss any and all federal claims, this court has discretion to deny remand. Thus, any attempt by Hall to withdraw his request for items of recovery under the federal statutes will be unavailing for purposes of remand. This court finds that defendants' removal in this case was proper.

*Id.* Here, plaintiff in his prayer also asks that upon final trial, he be granted damages in a sum within the jurisdictional limits of the Court with prejudgment interest at the legal rate. Damages are not available in Texas for constitutional violations but are available in Title IX actions. *Compare City of Beaumont v. Bouillion*, 896 S.W.2d 143, 150 (Tex.1995) (finding Texas common law does not provide cause of action for damages for violation of constitutional rights and holding there is no independent cause of action for damages against governmental entities for violations of free speech and assembly clauses of the Texas Constitution) *with Franklin v. Gwinnett County Pub. Sch.*, 503 U.S. 60, 76, 112 S.Ct. 1028, 117 L.Ed.2d 208 (held "a damages remedy is available for an action brought to enforce Title IX").[2] While the *Hall* decision comes from a sister federal trial court and is therefore not binding precedent on this Court, the rea-

---

**2.** Although plaintiff argued that the *City of Beaumont v. Bouillion* decision only applied to constitutional violations of free speech and assembly, it appears at least one appellate court interpreted that decision more broadly.

In *Vincent v. West Texas State Univ.*, 895 S.W.2d 469, 475 (Tex.App.-Amarillo 1995, no writ), the court explained as follows:

soning and analysis in *Hall* is sound, and this Court adopts it. The fact plaintiff seeks damages and is alleging disparate treatment between the female cheerleaders and the male student athletes leads this Court to find a federal question is raised. Therefore, defendants' removal is proper.

Accordingly, IT IS HEREBY ORDERED that the Motion to Remand (docket # 5) is DENIED.

### Preliminary Injunction

■ With reference to the request for a preliminary injunction, plaintiff must satisfy his burden on each of four preliminary injunction factors:

First, the movant must establish a substantial likelihood of success on the merits. Second, there must be a substantial threat of irreparable injury if the injunction is not granted. Third, the threatened injury to the plaintiff must outweigh the threatened injury to the defendant. Fourth, the granting of the preliminary injunction must not disserve the public interest.

*Evergreen Presbyterian Ministries Inc. v. Hood,* 235 F.3d 908, 918 (5th Cir.2000) (quoting *Harris County v. CarMax Auto Superstores,* 177 F.3d 306, 312 (5th Cir. 1999)). Preliminary injunctions are considered to be "extraordinary and drastic

remed[ies], not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Id.* at 917 (quoting *White v. Carlucci,* 862 F.2d 1209, 1211 (5th Cir.1989)). The district court's decision is reviewed for an abuse of discretion.[3] *Id.* Here, a preliminary injunction is sought for the benefit of one child to the disruptive detriment of numerous other people.

■ In order to determine whether plaintiff is entitled to a preliminary injunction, this Court held a thorough evidentiary hearing, including in-chambers testimony from one of the junior cheerleaders who undisputedly was not consuming alcohol but who nevertheless was disciplined by school officials for being in violation of district and cheerleading team rules. The testimony of several witnesses revealed a lengthy history of problematic behavior within this particular school organization, to such an extent there have been three teacher-sponsors in the last year who have quit in frustration. These students were given several advance warnings, orally and in writing, about inappropriate behavior, and each cheerleader signed an agreement to abide by the rules. The Court has no doubt that had there been male members of the cheerleading squad, as there can be under the rules, they too would have received the same discipline.

Next, *City of Beaumont v. Bouillion,* 896 S.W.2d 143 (Tex.1995) pretermits Vincent's monetary recovery for the purported violations of article I, sections 3a and 8 of the Texas Constitution. There the Supreme Court eschewed the opportunity to create private rights of action for constitutional torts involving the Texas Constitution. *Id.* at 147. Though only article I, § 8 of the Constitution was involved, the court's reasoning is equally applicable to damage actions under article I, § 3a. In either case, the provision grants no private right of action for damages.

3. Likewise, if a temporary injunction is granted or denied in state court, that decision is

also reviewed for an abuse of discretion. *Salazar v. Gallardo,* 57 S.W.3d 629, 632 (Tex. App.-Corpus Christi 2001, no writ); *Munson v. Milton,* 948 S.W.2d 813, 815 (Tex.App.-San Antonio, 1997, pet. denied). The showing to obtain relief in state court requires the movant to show: "(1) a probable right of recovery; (2) imminent, irreparable harm will occur in the interim if the request is denied; and (3) no adequate remedy at law exists." *Munson,* 948 S.W.2d at 815. The only issue before the trial court is "whether the status quo should be preserved pending trial on the merits." *Id.*

There was testimony about several individual male and female student athlete discipline events or non-events which did not persuade the Court of disparate treatment based on gender or arbitrary and capricious decisions by school officials. Indeed, the Court finds the involved educators and school board members agonized over their decision and afforded the students adequate due process. While I might have made a distinction and different decision concerning the junior class students who were present but did not plan the event and were not consuming alcohol, my personal opinion is secondary to the law. And the law does not provide for the courts to become super school boards except upon a strong showing of a violation of federal law or constitutional standards. *See Brown v. Board of Ed.*, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954); *Anderson v. Canton Mun. Separate Sch. Dist.*, 232 F.3d 450, 455–56 (5th Cir.2000) ("Decisions about construction, renovation, and administration of school facilities are the province of the local school boards as long as such decisions do not violate the Constitution or federal law.").

Clearly, there is a faction within the Alamo Heights Independent School District which perceives some degree of disparate treatment. However, the Court is not thus far persuaded the disparity, if any, rises to the level necessitating federal intervention. As opposed to suing one another, a way of addressing the perceived problem is the old fashion concept of talking to each other in the school house and the democratic process called school board elections, rather than running to the courthouse.

Plaintiff presented some evidence of a group of male student athletes who were found to have engaged in a mild form of hazing involving consensual head shaving which resulted in no injuries nor was there any alcohol present. Moreover, there is no evidence of prior similar incidents as there is with the cheerleader squad. Nevertheless, the males' sponsor/coach imposed extra and extensive physical workouts as a disciplining measure. The Court finds the comparison unpersuasive, much like an apple is incomparable to an orange.

Accordingly, at this preliminary injunction stage, the Court finds plaintiff has not, met the standard for relief and the request for a preliminary injunction is DENIED.

### Where We Go From Here

Even though plaintiff has not obtained preliminary injunctive relief, which would have severely disrupted other students and school personnel, plaintiff may still pursue a permanent remedy if he chooses to do so, if he can discover and develop persuasive evidence of gender discrimination and if he can persuade a jury of disparate treatment. If plaintiff prevails with a jury, it is admitted by defendants that plaintiff's daughter would be on the cheerleading team but for the discipline in question. Accordingly, the Court will reinstate Jamie P. to the team if a favorable liability finding occurs.

### The Pandora's Box Element

A continuation of this controversy will result in monetary expense and the public exposure of litigation. For example:

- Plaintiff's daughter, other young people and adults will have to testify in open court about the disciplinary history of the cheerleading team and the individuals involved in this incident.

- A jury trial does not allow for the students to testify in the privacy of the Court's chambers about the inappropriate exposure hazing which occurred.

- The palpable pain, which the Court observed during the in-chambers hearing held during the preliminary injunc-

tion stage of this case, expressed by a student's parents regarding the embarrassment and loss of innocence suffered by their daughter will be publicly shared.

• If indeed the male students who were present at the event were consuming alcohol, contrary to their earlier statements, the possibility exists that the punishment for the young gentlemen may be increased by school officials instead of the punishment for the young ladies not parties to this lawsuit being decreased.

• Other possible detriments which may result from presentation of the facts of this case in a public forum.

Counsel may, if they choose, go forward with appropriate discovery to prove or disprove disparate treatment. This case is set for jury trial on federal and state claims for one week beginning Monday, July 8, 2002, at 8:30 a.m.

It is so ORDERED.