**Valerie REDUS, individually, and Robert Redus, individually and as Administrator of the Estate of Robert Cameron Redus, Plaintiffs,**

v.

**UNIVERSITY OF THE INCARNATE WORD and Christopher Carter, Defendants.**

**Civil No. 5:14–cv–509–DAE.**

United States District Court, W.D. Texas, San Antonio Division.

Signed Nov. 25, 2014.

Mason William Herring, Herring Law Firm, Brent C. Perry, Law Office of Brent C. Perry, P.C., Houston, TX, Frank Herrera, Jr., Jorge A. Herrera, The Herrera Law Firm, Inc., San Antonio, TX, for Plaintiffs.

Laurence S. Kurth, Renee Forinash McElhaney, Matthew F. Wymer, Beirne, Maynard & Parsons, L.L.P., Robert A. Valadez, Shelton & Valadez, P.C., San Antonio, TX, for Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

DAVID A. EZRA, Senior District Judge.

Before the Court is a Motion for Remand filed by Plaintiffs Valerie Redus, individually, and Robert Redus, individually and as Administrator of the Estate of Robert Cameron Redus (collectively, "Plaintiffs"). ("Mot.," Dkt. # 6.) On November 17, 2014, the Court held a hearing on the Motion. Brent C. Perry, Mason W. Herring, and Jorge A. Herrera, Esqs., represented Plaintiffs; Matthew F. Wymer, Laurence S. Kurth, and Renee F. McElhaney, Esqs., represented Defendants University of the Incarnate Word ("UIW") and Christopher Carter ("Carter"); Robert A. Valadez, Esq., also represented Carter. After careful consideration of the memoranda in support of and in opposition to the Motion, and in light of the parties' arguments at the hearing, the Court, for the reasons that follow, **GRANTS** Plaintiffs' Motion to Remand (Dkt. # 6).

## BACKGROUND

Although many of the facts of the case are disputed, the Court relies on Plaintiffs' version of the facts, since the issues regarding the Motion to Compel stem from the parties' arguments in support of remand. *See Louisiana v. Am. Nat'l Prop. Cas. Co.,* 746 F.3d 633, 636 (5th Cir.2014) (holding that the court is bound to the facts as pled in the original petition when evaluating a motion to remand).

On Thursday evening, December 5, 2013, Cameron Redus ("Redus"), a student at UIW, finished classes and met up with friends to celebrate the end of the semes-

ter. ("Pet.," Dkt. # 1, Ex. 2 at 4.) At 1:30 a.m. on Friday, December 6, 2013, he left the Brass Monkey, a local bar, and drove in his Ford Ranger pickup truck to his residence in Alamo Heights. (*Id.;* "UIW Answer," Dkt. # 1, Ex. 2 at 23–24.) Plaintiffs allege that Carter, a UIW campus police officer on duty that evening, followed Redus to his apartment complex without attempting to pull him over. (Pet. at 5.) Plaintiffs further allege that, without justification, Carter verbally confronted Redus in the complex's parking lot—a confrontation that soon escalated into an altercation. (*Id.*)

Although the particulars of the altercation are disputed, it is undisputed that Carter ended the altercation by firing six bullets from his gun at Redus, five of which struck Redus and killed him. (*Id.;* UIW Answer at 30.) The Bexar County Medical Examiner concluded that two of the shots (one through Redus's left eye and the other into his back) were fatal. (Pet. at 5; UIW Answer at 30.) Plaintiffs further allege that Alamo Heights police officers found Redus laying with his back on top of his legs, as if he had been kneeling, and that the entry wounds indicate that Redus was in a submissive position before Carter fired the final shot. (Pet. at 5.)

On May 6, 2014, Plaintiffs filed suit in the Bexar County District Court, 150th Judicial District, asserting claims of negligence, gross negligence, and respondeat superior liability against UIW and claims of negligence, negligence per se, and gross negligence against Carter in a wrongful death and survival action. (Pet. at 5–8.) In the petition, Plaintiffs sought damages under Texas Civil Practice and Remedies Code §§ 71.002 and 71.021, as well as exemplary damages under § 41.003(a). (*Id.* at 8.)

On June 4, 2014, Defendants removed the case to this Court, invoking the Court's federal question jurisdiction. (Dkt. # 1.) Plaintiffs filed a Motion to Remand on June 26, 2014, arguing that the case be remanded to the state court, in part because this Court lacks subject matter jurisdiction over the case. (Dkt. # 6 at 5.) Defendants timely responded on July 3, 2014 ("Resp.," Dkt. # 8), and Plaintiffs filed a reply on July 8, 2014 ("Reply," Dkt. # 9).

On November 17, 2014, the Court granted Defendants' Motion for Leave to File a Sur–Reply to the extent that the Sur–Reply addressed the November 10, 2014 Supreme Court opinion *Johnson v. City of Shelby,* —— U.S. ——, 135 S.Ct. 346, 190 L.Ed.2d 309 (2014). (Dkt. # 48.) On November 19, 2014, Plaintiffs filed a Response to the Sur–Reply. (Dkt. # 49.)

### LEGAL STANDARD

■ "It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996). Unless the Court has diversity jurisdiction, a defendant may remove a case from state to federal court only if the case could have originally been filed in federal court. *Halmekangas v. State Farm Fire & Cas. Co.,* 603 F.3d 290, 295 n. 19 (5th Cir.2010) (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). Accordingly, a federal court must remand a case back to state court (1) if there was a procedural defect rendering removal improper and the moving party raises the defect within thirty days of removal or (2) if the court lacks subject matter jurisdiction. 28 U.S.C. § 1447; *see also BEPCO, L.P. v. Santa Fe Minerals, Inc.,* 675 F.3d 466, 470 (5th Cir.2012). Because removal jurisdic-

tion implicates federalism concerns, "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *African Methodist Episcopal Church v. Lucien,* 756 F.3d 788, 793 (5th Cir.2014) (internal quotation marks omitted) (quoting *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir.2000)); *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir.1997).

██ In the case of remand based on a procedural defect, the thirty-day period is strictly construed. *Schexnayder v. Entergy La., Inc.,* 394 F.3d 280, 284 (5th Cir. 2004). "[A] motion for remand based on procedural defects that is brought more than 30 days after the removal of the action, is outside of the district court's power to grant." *Id.* Conversely, remand based on subject matter jurisdiction can occur at any time before final judgment. *African Methodist Episcopal Church,* 756 F.3d at 793. The party seeking removal bears the burden of demonstrating subject matter jurisdiction. *Shearer v. Sw. Serv. Life Ins. Co.,* 516 F.3d 276, 278 (5th Cir. 2008). To determine whether jurisdiction is present for removal, the court considers the claims in the state court petition as they existed at the time of removal. *Louisiana,* 746 F.3d at 636.

## DISCUSSION

Plaintiffs argue for remand on two bases: first, Carter did not effectively consent to removal, rendering the removal procedurally defective, and second, Plaintiffs have not pled a federal cause of action in their Petition.[1] (Mot. at 2.)

### I. *Remand Based on Procedural Defect*

Plaintiffs first contend that the Notice of Removal was filed solely by UIW's Counsel, Laurence Kurth ("Kurth"), on behalf of UIW alone. (Mot. at 2-5.) Defendants counter that (1) by submitting a jury demand, Plaintiffs waived any objection to removal based on procedural defects and (2) regardless, Kurth had the authority to bind Carter. (Resp. 2-5.)

### A. *Whether Plaintiffs Waived Objections*

██ Defendants first argue that Plaintiffs waived any objection that they may have had to a procedural defect when they filed a jury demand on June 17, 2014, nine days before filing the Motion to Remand. (Resp. at 3.) Plaintiffs counter that the mere filing of a jury demand did not waive their right to object to procedural defects because the action does not amount to the "substantial participation" necessary for waiver. (Reply at 2.) Plaintiffs further argue that they only made the jury demand because Rule 81(c) requires the demand to be made within 14 days to avoid waiving that right. (*Id.*)

The Fifth Circuit has found various actions by plaintiffs in federal court to be substantial enough to waive the right to remand. For example, plaintiffs who engage in significant discovery or participate in motions practice prior to moving for remand generally waive their right. *See, e.g., Johnson v. Odeco Oil & Gas Co.,* 864 F.2d 40, 43 (5th Cir.1989) (finding that plaintiff waived his right to remand because he had participated in significant discovery and did not file motion for remand until after the defendants moved for summary judgment); *Harris v. Edward Hyman Co.,* 664 F.2d 943, 945 (5th Cir. 1981) (finding that the plaintiff waived her

---

1. The Court notes that, since submitting their Motion to Remand, Plaintiffs have submitted discovery responses, which also deny that they pled a § 1983 or intentional tort cause of action. (Dkt. # 44, Ex. 1 at 4-6.)

right to remand by participating in discovery).

Although the Fifth Circuit has not addressed whether filing a jury demand waives the right to remand, the Southern District of Texas has addressed the question twice. In *Intercoastal Refining Co., Inc. v. Jalil,* 487 F.Supp. 606 (S.D.Tex. 1980), the court found that filing a jury demand and agreeing to an order extending the defendant's time to file an answer, both before filing a motion to remand, constituted the type of affirmative conduct waiving the right to remand. *Id.* at 608. Two years later, the same court found that filing a jury demand prior to filing a motion to remand was not the type of affirmative conduct waiving the right to remand. *Benjamin v. Natural Gas Pipeline Co. of Am.,* 793 F.Supp. 729, 732 (S.D.Tex.1992).

As applied to this case, the Court agrees with the rationale set forth in *Benjamin:*

> Rule 81(c) requires that a party file a jury demand within 10[2] days of removal, while § 1447(c) gives plaintiffs 30 days to file a remand motion. Obviously, the two deadlines create the situation where jury demands will often be filed before remand motions. In light of this timing conflict, it would ludicrous to conclude that the filing of a jury demand before a remand motion constitutes acquiescence to the federal forum and waiver of the right to remand an improperly removed case.

*Id.*

Although Plaintiffs oppose removal, they have no guarantee that their motion to remand will return them to state court. Their filing of a jury demand does not demonstrate their acquiescence to the forum; it only demonstrates their awareness of the reality of the legal process. This is not a zero-sum game: Plaintiffs should not be required to waive their contest to removal so that they can secure a jury in the event the federal court does not remand their action. Therefore, the Court finds that Plaintiffs' choice to file a jury demand, so as not to waive their right to a jury in federal court, does not preclude Plaintiffs from challenging the removal.

### B. *Whether There Was a Procedural Defect*

■ Plaintiffs argue that the Notice of Removal is defective because it came from UIW and because Kurth, the signatory on the removal, had no authority to bind Carter. (Mot. at 4.) Defendants counter that Kurth had authority to bind Carter because he had represented UIW and Carter in discussions and negotiations with Plaintiffs' counsel, including accepting service of the lawsuit and agreeing to discovery deadlines. (Resp. at 4.) UIW further argues that Plaintiffs are estopped from arguing that Kurth cannot bind Carter because Plaintiffs served UIW and Carter by delivering the suit to Kurth. (*Id.* at 4–5.)

Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." The Fifth Circuit has strictly construed this requirement and mandates the written consent of each individual defendant, either by itself or by another person "purporting to act formally on its behalf . . . and to have authority to do so." *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988). Although the requirement does not obligate each defendant to sign the notice, it does require some "timely filed written indication" of consent by each defendant, so as to avoid " 'bind[ing]' the allegedly

**2.** The Rule has since been amended to allow a party 14 days to file the jury demand upon service of notice of removal. Fed.R.Civ.P. 81(c)(3)(B)(ii).

consenting defendant" without its approval. *Id.*

Following this precedent, our sister courts have repeatedly found statements of consent in a notice of remand to be insufficient to meet the § 1446 standard without a supplemental notice from a nonmoving party binding itself to the moving party's authority. *See Crowley v. Amica Mut. Ins. Co.,* No. 12–775, 2012 WL 3901629, at *1, *3 (E.D.La. Sept. 7, 2012) (finding that the clause in the notice of removal stating "[t]hrough its attorney of record, State Farm has consented to this removal" was insufficient, since there was "[n]othing submitted in the record before the removal deadline demonstrat[ing] that Amica had the authority to speak on State Farm's behalf"); *Spoon v. Fannin Cnty. Comty. Supervision & Corr. Dep't,* 794 F.Supp.2d 703, 709 (E.D.Tex.2011) (finding insufficient a notice stating that the moving parties had written confirmation of a defendant's consent and intention to join in the removal was insufficient); *Snead v. Woodbine Prod. Corp.,* No. 08–1301, 2008 WL 4610236, at *2 (W.D.La. Oct. 11, 2008) (finding that a statement in the notice of removal that EOG Resources contacted Woodbine and obtained Woodbine's consent to removal was insufficient); *Extreme Outdoors Ltd., Inc. v. Gary Yamamoto Custom Baits, Inc.,* No. H–08–1259, 2008 WL 2810874, at *5 (S.D.Tex. July 21, 2008) (finding that a general statement of consent on behalf of other defendants was insufficient because the notice did "not contain either a written statement from the codefendants consenting to removal or a written statement that the codefendants authorized the removing defendant to represent their consent to the court"); *Hammonds v. Youth for Christ USA,* No. SA–5–CA–0531–FB, 2005 WL 3591910, at *4 (W.D.Tex. Aug. 16, 2005) (finding that the statement "[w]e have conferred with counsel for Defendant CNIC Health Solutions, Norman E. Snyder, Jr. of Tucker Taunton Synder [sic] & Slade, 10370 Richmond Avenue, Suite 1400, Houston, Texas 77042 and they are in agreement with this removal" was insufficient because there was nothing on the record during the thirty-day period from CNIC authorizing Youth for Christ USA to represent its consent to the court).

Since Kurth, without Valadez, signed the Notice of Removal (Dkt. # 1 at 5), the notice can only bind Carter if Kurth was purporting act formally on Carter's behalf and had the authority to do so. *See Getty Oil Corp.,* 841 F.2d at 1262 n. 11. Within the Notice itself, the only written allegation of Kurth's authority to bind Carter is the statement that "Defendant Cpl. Carter has consented to the removal of this case to the Western District of Texas" and the accompanying citation to a Certificate of Conference, which states, "On May 29, 2014, the undersigned counsel conferred with counsel for Defendant Cpl. Carter who stated that he consented to the removal of this case to the Western District of Texas." (Dkt. # 1 at 5–6.)

However, in Defendants' Response to the Motion to Remand, Kurth submits an affidavit attesting to the fact that he has been counsel of record on behalf of both UIW and Carter since December 2013. (Resp., Ex. A ¶ 2.) Because Kurth represents Carter, he has the authority to bind Carter to the removal proceedings. Accordingly, a separate statement or notice from Carter was unnecessary. *See Nixon v. Wheatley,* 368 F.Supp.2d 635, 639 (E.D.Tex.2005) (finding that, because both defendants were represented by the same counsel, a notice of removal stating that both defendants filed and joined in the notice of removal was sufficient to meet *Getty Oil Corp.'s* requirements). Therefore, the Court finds that there was no procedural defect warranting remand.

## II. Remand Based on Subject Matter Jurisdiction

Courts determine subject matter jurisdiction by looking to the "well-pleaded complaint" rule, which confers federal jurisdiction only when a federal question appears on the face of the plaintiff's complaint. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425; *PCI Transp., Inc. v. Fort Worth & W.R. Co.*, 418 F.3d 535, 543 (5th Cir.2005). Accordingly, "[i]f, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking" and removal is improper. *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000). This is because "the plaintiff is 'the master of the complaint' " and can choose to " 'eschew[ ] claims based on federal law ... to have the cause heard in state court.' " *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) (quoting *Caterpillar*, 482 U.S. at 398–99, 107 S.Ct. 2425). Consequently, "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law.... If a defendant could do so, the plaintiff would be master of nothing." *Caterpillar Inc.*, 482 U.S. at 399, 107 S.Ct. 2425.

The artful pleading doctrine, which is a narrow exception to the well-pleaded complaint rule, prevents a plaintiff from avoiding federal jurisdiction by omitting necessary federal questions from his pleading. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *see also Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir.2008). However, the reach of the exception is circumscribed: "Without complete pre-emption, the artful pleading doctrine does not apply." [3] *Waste Control Specialists, LLC v. Envirocare of Tex., Inc.*, 199 F.3d 781, 783 (5th Cir.2000), *withdrawn in part on other grounds*, 207 F.3d 225 (5th Cir.2000).

In their complaint, Plaintiffs plead three major negligence claims. First, Plaintiffs assert that "UIW acted with reckless disregard for the safety of the public ... by not properly, hiring, training and supervising its police department and the campus police officers," which constituted a "breach of duty [that was] a proximate cause of the injuries sustained by plaintiffs." (Pet. at 5–6.) Second, Plaintiffs assert that "Carter used excessive force when he shot Cameron Redus" resulting in a "violat[ion of] UIW's deadly force policy" or, alternatively, "pursuant to

---

**3.** In their Response to Plaintiffs' Objections to the October 17 Order to Compel, Defendants argue that there are two avenues for removal based on the artful pleading doctrine: when federal law has completely preempted the state law, or when "a federal question, not pleaded in the plaintiff's complaint, is nonetheless both intrinsic and central to the plaintiff's cause of action." (Dkt. # 41 at 6 (citing *Guckin v. Nagle*, 259 F.Supp.2d 406, 410 (E.D.Pa.2003)).) In support, Defendants cite to various district court cases, all except one which come from outside the Fifth Circuit. (*Id.* (citing *Brumfield v. City of Baker*, No. CIV.A. 11–507–BAJ–CN, 2011 WL 5178267, at *3 (M.D.La. Sept. 30, 2011), *report and recommendation adopted by* No. CIV.A. 11–

507–BAJ–CN, 2011 WL 5238720 (M.D.La. Oct. 31, 2011)).) *Brumfield* is only one of two cases, reported or unreported, within the Fifth Circuit adopting the second "intrinsic and central" interpretation of the artful pleading doctrine. *See Dardeau v. W. Orange–Grove Consolidated Indep. Sch. Dist.*, 43 F.Supp.2d 722, 728 (E.D.Tex.1999). Both cases cite to Wright and Miller's Federal Practice & Procedure as support for the contention. Because the Fifth Circuit has not yet adopted such an approach, the Court is limited to the Fifth Circuit definition of the artful pleading doctrine, which applies only when federal law completely preempts state law. *See Waste Control Specialists*, 199 F.3d at 783.

a policy, habit, custom and/or practice of UIW promulgated by UIW's Police Department which allowed unnecessary force to be used in the apprehension of decedent Cameron Redus." (Pet. at 6.) Third, Plaintiffs assert that "UIW is responsible for the actions of Christopher Carter under the doctrine of respondeat superior." (Pet. at 7.) In addition to the state common law negligence claims, Plaintiffs allege causes of action under Chapter 19 of the Texas Penal Code and Texas Civil Practices and Remedies Code §§ 41.003(a), 71.002, and 71.021. (Pet.)

On their face, the claims are state law claims. However, Defendants argue that the true nature of Plaintiffs' claims fall within § 1983 and, in accordance with the artful pleading doctrine, must be construed as federal claims. (Resp. at 6–10.) Specifically, Defendants argue that Plaintiffs have alleged use of excessive force, which amounts to a constitutional deprivation, by an officer acting under the color of state law or, alternatively, pursuant to a policy, habit, custom, or practice promulgated by a police department.[4] (Id.) Plaintiffs counter that the allegations of excessive force and policy/custom/practice are relevant to elements of negligence under Texas common law. (Mot. at 7–8.)

In support of their contention, Defendants distinguish the instant case from *Bridge Point Yacht Ctr. Inc. v. Calcasieu Parish Sheriff's Office,* No. 2:13–CV–257, 2013 WL 1197143 (W.D.La. Mar. 25, 2013). In *Bridge Point,* the plaintiff filed a petition alleging that the defendants used excessive force during his arrest. *Id.* at *2. Defendants argued that this claim necessarily raised a federal question because, by its nature, it asked whether rights protected by the Constitution and actionable under § 1983 were violated. *Id.* The court held that the allegations of the petition did not state a federal claim because the excessive force allegation was "completely devoid of any factual development that plausibly suggest[ed] that defendants executed the warrant in an objectively unreasonable manner." *Id.* Defendants argue that here Plaintiffs have pled sufficient facts to argue that the officer acted unreasonably. (Resp. at 9.) Therefore, they argue that *Bridge Point* is not a bar to finding Plaintiffs have pled a § 1983 claim. (*Id.*)

However, this reading ignores relevant portions of the *Bridge Point* court's reasoning. Critically, the court held that the artful pleading doctrine did not apply because the excessive force claims were not completely preempted by federal law. *Bridge Point,* 2013 WL 1197143, at *2. In

---

**4.** In their Response to Plaintiffs' Objections to the October 17 Order, Defendants also argue that "Plaintiffs plead entitlement to remedies based upon [ ] facts that are simply not cognizable under any cause of action in Texas law, but are only cognizable under federal law (42 U.S.C.A. § 1983)." (Dkt. # 41 at 6–7.) In support, they cite to case law referencing the intentional tort exception to the Texas Tort Claims Act, which precludes governmental liability for personal injury and death caused by the government's employee when the claim arises out of an intentional tort committed by that employee. Tex. Civ. Prac. & Rem.Code §§ 101.021(1), 101.057(2). Whether Plaintiffs have pled state law claims that will be barred

by an exception to the Texas Tort Claims Act is not the Court's concern: it is not the Court's role to reformulate the nature of Plaintiffs' claims for their benefit to avoid their downfall in state court, in the event they have pled claims which are barred by statute. The Court's inquiry is into whether or not Plaintiffs have pled federal claims.

The Court also notes that it is unclear whether the intentional tort exception would apply to the case at hand, since Plaintiffs have sued no state or local government entity in this case, and there is dispute as to whether UIW was acting in a private or public capacity during the events alleged as basis for the suit.

so holding, the Court noted, "[a] section 1983 claim against a state actor is not a 'necessary federal question' or corollary to a state law claim against that state actor." *Id.*

Several other cases reach the same result. For example, in *Quinn v. Guerrero*, No. 4:09–CV–166, 2009 WL 5166223 (E.D.Tex. Dec. 22, 2009), the court found that the multiple references to "excessive force" in the plaintiff's petition, without any corresponding reference to federal statutes, were not sufficient to confer federal jurisdiction. *Id.* at *5. The court noted that the allegations were not listed as separate causes of action and "were included in his background and factual recitation to support claims of assault, battery, intentional infliction of mental anguish, conspiracy, and negligence—none of which are matters exclusive to federal jurisdiction." *Id.*

The Western District of Louisiana came to a similar conclusion in *Lowe v. Police Dep't of Alexandria*, No. 1:08–CV–1518, 2010 WL 1740826 (W.D.La. Apr. 5, 2010), *report and recommendation adopted by* No. 1:08–CV–1518, 2010 WL 1740821 (W.D.La. Apr. 30, 2010). In *Lowe*, the plaintiff's petition alleged that he "suffered damages as a result of excessive force during an arrest," which the defendants argued was a basis for federal jurisdiction under § 1983. *Id.* at *2. However, the court rejected that argument, finding that the plaintiff made no claim under federal law; although excessive force could give rise to a § 1983 action, it was also a valid claim under Louisiana tort law. *Id.* at *3. Additionally, the court found that the plaintiff alleged liability under a theory of respondeat superior, which was unavailable under § 1983. *Id.* Finally, the court noted that "by proceeding in State court under Louisiana law, plaintiff has the opportunity of prevailing even if he can only

establish negligence," a "theory of liability that would not be available pursuant to § 1983." *Id.* at *4. Therefore, the court found that there was no basis for subject matter jurisdiction over the plaintiff's claims and remanded the case.

Likewise, in *Fontenot v. Town of Mamou*, No. 6:09–CV–0855, 2009 WL 3149380 (W.D.La. Sept. 25, 2009), the court found that the plaintiffs' allegations of "deliberate indifference or negligence of defendants" to plaintiffs' constitutional rights were insufficient to give rise to federal jurisdiction. *Id.* at *1, *3. The plaintiffs contended that injuries sustained from a taser gun were a result of "unnecessary and excessive use of force" caused by the negligence of the police department. *Id.* at *3. However, the court found that the plaintiffs' decision to plead pure state law claims was their prerogative and the allegations within the petition were insufficient to support a claim under § 1983. *Id.*

Other courts outside of the Fifth Circuit have reached similar conclusions. *See Broaden v. City of Montgomery*, No. 2:14–CV–234–WKW, 2014 WL 1572586, at *1–2 (M.D.Ala. Apr. 17, 2014) (finding that allegations of excessive force and unconstitutional use of force were insufficient to "transform the state-law claims into federal ones"); *LaBarbera v. Arizona*, No. 12–1740–PX–DGC, 2012 WL 5328653, at *2 (D.Ariz. Oct. 29, 2012) (holding that plaintiff's civil rights claims, which included a claim for excessive use of force, did not create federal jurisdiction because they were pled under Arizona state law); *Shockley v. City of Waurika*, No. 10–517, 2010 WL 3081528, at *4 (W.D.Okla. Aug. 6, 2010) (holding that the plaintiff's excessive force claims did not give rise to federal jurisdiction because excessive force is an actionable claim under Oklahoma state law); *Turner v. Rodriguez*, No. 1:08–CV–789, 2008 WL 5046054, at *2 (E.D.Cal.

Nov. 21, 2008), *report and recommendation adopted by* 2009 WL 33419 (E.D.Cal. Jan. 5, 2009) (finding that the allegations of negligence arising from the defendant's "unnecessary and unjustified force" were insufficient to confer federal jurisdiction, since the plaintiff was free to rely on purely state law causes of action); *Pigott v. Ostulano,* No. 2:07–CV–90, 2007 WL 1448718, at *3–4 (E.D.Va. May 9, 2007) ("[I]t is certainly possible that the factual scenario Plaintiff has alleged in her complaint may give rise to a cause of action under § 1983, but Plaintiff has chosen to plead intentional tort claims.")

Only one case in the Fifth Circuit dealing with excessive force and removal reaches the opposite result. *See Hall v. City of Alexandria,* 111 F.Supp.2d 785, 787–788 (W.D.La.2000). In *Hall,* the plaintiff alleged that he was battered and arrested falsely by police officers. *Id.* at 786. Defendants argued that his state law claims constituted a federal cause of action (1) because they amounted to a § 1983 claim for excessive use of force and false arrest and (2) because plaintiff sought punitive damages and attorney's fees, which were not available as remedies under state law. *Id.* at 787. The court concluded that federal jurisdiction was proper because the plaintiff sought damages unavailable under state law. *Id.* at 788. However, even this holding has since been foreclosed by *In re Hot–Hed Inc.,* 477 F.3d 320 (5th Cir.2007), in which the Fifth Circuit held that "a request for attorney's fees cannot be a basis for federal jurisdiction." *Id.* at 324 (internal quotation marks omitted).

Here, Plaintiffs' allegations do not create federal jurisdiction. Plaintiffs' claims—negligence, gross negligence, respondeat superior liability, and wrongful death—arise from state law and are valid causes of action under state law. Although Plaintiffs allege excessive use of force pursuant to a policy or custom within the UIW police department, those allegations are not separate causes of action; they merely bolster elements of Plaintiffs' state law claims.

Plaintiffs are the masters of their complaint; they can choose to eschew additional claims (and potential sources of remedy) under federal law in order to pursue claims solely under state law. *See Holmes Grp.,* 535 U.S. at 831, 122 S.Ct. 1889. The artful pleading doctrine does not preclude them from doing so in this case because § 1983 does not completely preempt Plaintiffs' state-law claims. *See Waste Control Specialists,* 199 F.3d at 783.

Finally, Defendants argue that the Court must consider the well-pleaded complaint rule and artful pleading doctrine in light of the Supreme Court's recent decision in *Johnson v. City of Shelby.* (Dkt. # 41, Ex. A at 1–2.) In *Johnson,* the plaintiffs filed suit in federal court against the city, alleging that their termination was retaliation for bringing to light the criminal activity committed by a city alderman. 135 S.Ct. at 346. Because the plaintiffs' complaint only pled a claim under the Fourteenth Amendment, the City filed a motion for summary judgment, arguing that the plaintiffs had set forth a Fourteenth Amendment claim without invoking the requisite § 1983 vehicle. 743 F.3d 59, 61 (5th Cir.2013). The district court denied plaintiffs leave to amend their complaint to include § 1983 and granted summary judgment in favor of the City, holding that the proper vehicle for the Fourteenth Amendment claim was § 1983 and the plaintiff's failure to particularly plead that claim was a basis for dismissal. *Id.* at 62. The Supreme Court reversed, holding that, because the plaintiffs informed the City of the factual basis for their complaint, they met their burden

under *Twombly* for pleading a claim under § 1983. 135 S.Ct. at 346.

Essentially, the Defendants ask the Court to find that an inverse corollary of the holding applies here: when a plaintiff has pled facts that *could* support a § 1983 claim, the Court *must* construe his complaint as having pled that claim. The Court agrees with Plaintiffs that such an interpretation would effectively overturn the Supreme Court's prior pronouncements that the plaintiff is the master of his complaint. *See Caterpillar*, 482 U.S. at 398–99, 107 S.Ct. 2425. To read *Johnson's* holding in congruence with the Supreme Court's prior jurisprudence, *Johnson* must be limited to circumstances in which the plaintiff has sought federal jurisdiction and seeks to invoke § 1983, not situations in which the defendant seeks to bind the plaintiff to claims he has not pled.

For the reasons set out above, this Court lacks subject matter jurisdiction over this case. Therefore, the Court **GRANTS** Plaintiffs' Motion to Remand and orders this case be remanded to state court.

III. *Attorney's Fees*

Finally, Plaintiffs argue that an award of attorney's fees under 28 U.S.C. § 1447(c) is warranted because the basis for removal was objectively unreasonable. (Mot. at 9.) Defendants counter that they had an objectively reasonable basis for removal, rendering attorney's fees inappropriate. (Resp. at 10.)

Under § 1447(c), attorney's fees are not automatic; they are only warranted "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005); *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012). The decision about whether to award attorney's fees under this provision is at the full discretion of the court. *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir.2010).

The court finds that removal was not objectively unreasonable. While a removal action premised on pure state law claims may, at first blush, appear unreasonable, the language in the petition, read in isolation, does resemble language required in § 1983 pleadings. Accordingly, the Court declines to award attorney's fees in this case and **DENIES** Plaintiffs' Motion to Remand insofar as it relates to attorney's fees.

*CONCLUSION*

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand (Dkt. # 6) and **REMANDS** the case to state court.

**IT IS SO ORDERED.**